UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CODY HANDEL LAKE, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-49-JD-AZ |
| L. CARNEY, et al., | |
| Defendants. | |

## OPINION AND ORDER

Cody Handel Lake, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Lake alleges that, on November 24, 2024, he told L. Carney that the night shift accidently threw away his food. Lake opined that the food needed to be replaced, but Carney ignored him. Lake then announced that he was "about to have a medical emergency." ECF 1 at 2. When Carney still failed to respond, Lake cut himself. Thompson was allegedly within earshot dealing with a different situation when this occurred. When Lake yelled "medical emergency," Thompson did not come to his aid.

He explains that, by ignoring him, he felt like they wanted him to die. An hour passed before a nurse walked by and Lake gave the nurse a medical request slip. Lake is suing Carney and Thompson for "causing [him] to inflict pain on [himself.]" *Id.*

To the extent Lake is suing L. Carney because he missed a single meal, he cannot proceed. Being deprived of a single meal does not implicate constitutional concerns. "Not every wrong committed under color of law, however, is offered redress by the Constitution[.]" *Leslie v. Doyle*, 125 F.3d 1132, 1138 (7th Cir. 1998). "There is, of course a de minimis level of imposition with which the Constitution is not concerned." *Ingraham v. Wright*, 430 U.S. 651, 674 (1977). There are many reasons why people, inmates and free citizens alike, will occasionally miss meals. In *Morris v. Kingston*, 368 F. App'x 686 (7th Cir. 2010), the Seventh Circuit considered a much more extreme case where an inmate involuntarily missed 17 meals over 23 days. The court explained:

> To establish an Eighth Amendment violation, a prisoner must show that he has been severely harmed and that prison officials were deliberately indifferent to that harm. *Farmer,* 511 U.S. at 834, 114 S.Ct. 1970; *Collins v. Seeman,* 462 F.3d 757, 760 (7th Cir. 2006). This requires that prison officials knew about a substantial risk of harm to the inmate and refused to act to prevent that harm. *Farmer,* 511 U.S. at 837, 114 S.Ct. 1970; *Dale v. Poston,* 548 F.3d 563, 569 (7th Cir. 2008). Mere negligence – even gross negligence – does not violate the Constitution. *Lee v. Young,* 533 F.3d 505, 509 (7th Cir. 2008).

*Id.* at 688–89. The court concluded that the plaintiff in that case had not "establish[ed] a constitutional violation because he has not shown that missing his meals or medicine caused serious harm or lasting detriment." *Id.* at 689 (citing *Freeman v. Berge,* 441 F.3d 543, 547 (7th Cir. 2006)). Thus, Lake cannot proceed on any claim based on missing a single meal.

2

To the extent that Lake is suing L. Carney or Thompson for denying him emergency medical attention, he likewise has not stated a claim. Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed [and] decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Lake describes a scenario where he claimed he was about to have a medical emergency because his demands for a replacement food tray were being ignored; continuing to ignore Lake under these circumstances was not deliberately indifferent to any serious medical need. There is no indication in the complaint that Lake alerted either Carney or Thompson that he was suicidal. Neither does he claim that, after he cut himself, they became aware of his injury and refused to alert the medical staff.

Lake is also suing A. Richardson because she allegedly lost some of Lake's property, including items of sentimental value that cannot be replaced and legal work.

3

It is unclear how this claim is related to Lake's assertions against Carney and Thompson, and "[u]nrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). Assuming for purposes of this order that the claim is somehow related to the other allegations in the complaint, Lake has not stated a claim. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." But, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's Tort Claim Act (Indiana Code § 34-13-3-1 *et seq.*) and other laws provide for state judicial review of property losses caused by government employees, and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Even the destruction of legal materials is merely a property loss if the papers are replaceable. *Hossman v. Spradlin*, 812 F.2d 1019 (7th Cir. 1987). Furthermore, legal papers are not deemed irreplaceable merely because there is a cost associated with obtaining them. The allegations in Lake's complaint do not allege that he suffered anything more than a property loss for which

4

the Indiana Tort Claim Act provides a remedy. Thus, Lake has not stated a due process claim against Richardson.

The complaint is short on facts, dates, and specifics. Based on what it does say, it is not plausible to infer that any constitutional violation occurred. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

If Lake believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898

5

F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint." The amended complaint should include only a discussion of related claims. He needs to explain *when, where, why, and how each defendant violated his rights.* He needs to include every fact necessary to explain his case and describe his injuries or damages. He needs to use each defendant's name, if known, every time he refers to that defendant. When the form has been carefully completed as described above, Lake should send it to the court.

For these reasons, the court:

(1) GRANTS Cody Handel Lake until **November 11, 2025**, to file an amended complaint; and

(2) CAUTIONS Cody Handel Lake that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on October 8, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT