UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CODY HANDEL LAKE,

    Plaintiff,

    v.     CAUSE NO. 3:25-CV-49-JD-AZ

L. CARNEY, et al.,

    Defendants.

OPINION AND ORDER

Cody Handel Lake, a prisoner without a lawyer, filed an amended complaint. ECF 36. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Lake alleges that, on April 30, 2024, A. Richardson lost some of Lake's property, including items of sentimental value that cannot be replaced and legal work. The court previously explained to Lake that this allegation, standing alone, does not state a claim. ECF 24 at 4-5. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." But, a state tort claims act that provides a method by which a person can seek reimbursement

for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's Tort Claim Act (Indiana Code § 34-13-3-1 *et seq.*) and other laws provide for state judicial review of property losses caused by government employees, and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Even the destruction of legal materials is merely a property loss if the papers are replaceable. *Hossman v. Spradlin*, 812 F.2d 1019 (7th Cir. 1987). Furthermore, legal papers are not deemed irreplaceable merely because there is a cost associated with obtaining them. The allegations in Lake's amended complaint, like the allegations in his earlier complaint, do not allege that he suffered anything more than a property loss for which the Indiana Tort Claim Act provides a remedy.

The court has already granted Lake an opportunity to amend the complaint, and the amendment did not address the deficiencies highlighted in the court's order. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v.*

*Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

 For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

 SO ORDERED on January 9, 2026

            /s/JON E. DEGUILIO
            JUDGE
            UNITED STATES DISTRICT COURT